UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-62147-BLOOM/Valle

METROPOLITAN LIFE
INSURANCE COMPANY,

    Plaintiff,
v.

BRIAN M. BERGER,

    Defendant.
_____/

## ORDER ON MOTION FOR DEFAULT FINAL JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiff Metropolitan Life Insurance Company's ("Plaintiff") Motion for Default Final Judgment, ECF No. [10] (the "Motion"). A Clerk's Default, ECF No. [8] was entered against Defendant Brian M. Berger ("Defendant" or "Berger") on October 24, 2016, as Defendant failed to appear, answer, or otherwise plead to the Complaint, ECF No. [1], despite having been served. ECF No. [5]. The Court has carefully considered the Motion, the record in this case, the applicable law, and is otherwise fully advised in the premises. For the reasons that follow, the Motion is granted.

**I.    BACKGROUND**

On September 8, 2016, Plaintiff initiated this action, asserting one claim for breach of contract. *See* ECF No. [1] ("Complaint" or "Compl."). In the Complaint, Plaintiff states that it is a company engaged in the life insurance and financial services industry. *Id*. ¶ 3. Berger is a resident of Coral Springs, Florida, and was a licensed insurance agent. *Id*. ¶¶ 4-5. He was employed by Plaintiff as an agent who sold insurance and other financial products ("FSR") beginning on or about June 30, 2014. *Id.* ¶ 8. Plaintiff claims that in order to ease a temporary

cash flow issue during Berger's employment transition, he executed a promissory note, ECF No. [1-3] (the "Note") for a $150,000 loan, pursuant to which if he reached a certain annual production threshold, he would receive a credit against his loan balance. *Id*. ¶ 10. Plaintiff's compensation plan set forth the specific credits for which Berger was eligible. *Id*. ¶ 11. As long as Berger remained employed by Plaintiff and reached his annual production goal, he would not be required to make monthly installment payments to repay the loan during the first ten years. *Id*. ¶ 10. According to Plaintiff, Berger exceeded the production threshold in the first year, and earned a credit, which Plaintiff credited against the balance of the loan. *Id*. ¶ 12. On April 9, 2015, Berger's employment with Plaintiff ended and he was no longer eligible to earn credits. *Id*. ¶¶ 15-16. Pursuant to the terms of the Note, the loan accrued interest at the simple rate of 4.25%, so that by the time of Berger's termination, the balance owed was $153,664.96. *Id*. ¶¶ 17-18a[1]; *see also* Note. Further, upon Berger's termination, the entire outstanding amount of the loan, including interest, became due. *See* Note; Compl. ¶ 18b. Berger refused to pay the debt upon Plaintiff's demand, and where there is a default, according to the terms of the Note, Berger becomes liable for Plaintiff's "costs and expenses of collection," including attorney's fees. Note; Compl. ¶¶ 20-22. As of the date of this Order, Defendant has not responded to the Complaint or otherwise appeared in this action.

**II.    LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 55(b), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint. This Circuit maintains a "strong policy of determining cases on their merits and we therefore view defaults with disfavor." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003).

---

[1] The Complaint contains two paragraphs numbered 18, therefore, the Court refers to the first as ¶ 18a and the second as ¶ 18b for clarity.

Nonetheless, default judgment is entirely appropriate and within the district court's sound discretion to render where the defendant has failed to defend or otherwise engage in the proceedings.  *See*, *e.g.*, *Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 910 (11th Cir. 2011); *Dawkins v. Glover*, 308 F. App'x 394, 395 (11th Cir. 2009); *In re Knight*, 833 F.2d 1515, 1516 (11th Cir. 1987); *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Pepsico, Inc. v. Distribuidora La Matagalpa, Inc.*, 510 F. Supp. 2d 1110, 1113 (S.D. Fla. 2007); *see also Owens v. Benton*, 190 F. App'x 762 (11th Cir. 2006) (default judgment within district court's direction).

A defendant's "failure to appear and the Clerk's subsequent entry of default against him do[es] not automatically entitle Plaintiff to a default judgment."  *Capitol Records v. Carmichael*, 508 F. Supp. 2d 1079, 1083 (S.D. Ala. 2007).  Indeed, a default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004), but instead acts as an admission by the defaulted defendant as to the well-pleaded allegations of fact in the complaint.  *See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) ("A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.") (citations omitted); *Descent v. Kolitsidas*, 396 F. Supp. 2d 1315, 1316 (M.D. Fla. 2005) ("the defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief"); *GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs., Ltd.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) (default judgment is appropriate only if court finds sufficient basis in pleadings for judgment to be entered, and that complaint states a claim).  Stated differently, "a default judgment cannot stand on a complaint that fails to state a claim."

*Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997). Therefore, before granting default judgment, "the district court must ensure that the well-pleaded allegations of the complaint . . . actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007).

### III.     DISCUSSION

Upon a review of Plaintiff's submissions, the Court finds a sufficient basis in the pleading to enter default judgment in Plaintiff's favor. Because Defendant has not appeared, "all of Plaintiff's well-pled allegations in the Complaint are deemed admitted." *Ordonez v. Icon Sky Holdings LLC*, No. 10-60156-CIV, 2011 WL 3843890, at *5 (S.D. Fla. Aug. 30, 2011) (citing *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987)). Having reviewed the Complaint, the Court finds Plaintiff's allegations well-pled, and sufficient to establish Defendant's liability. Plaintiff brings a claim for breach of contract. "Plaintiff must allege the following elements to state a claim for breach of contract: '(1) a valid contract; (2) a material breach; and (3) damages.'"  *Brown v. Capital One Bank (USA), N.A.*, Case No. 15-60590-CIV-BLOOM/VALLE, 2015 WL 5584697, at *3 (Sept. 22, 2015) (quoting *Int'l Star Registry of Ill. v. Omnipoint Mktg., LLC*, 510 F. Supp. 2d 1015, 1022 (S.D. Fla. 2007)) (citation omitted). "In order to allege a material breach in accordance with the pleading standards required under the Federal Rules of Civil Procedure, the plaintiff must allege which provision of the contract has been breached." *Pierce v. State Farm Mut. Auto Ins. Co.*, 2014 WL 7671718, at *4 (S.D. Fla. Dec. 14, 2014) (citing supporting cases).

Plaintiff alleges in the Complaint that the parties entered into a valid and enforceable contract, i.e. the Note, under which Berger became obligated to repay Plaintiff for a loan of

4

$150,000.  Specifically, Berger violated the Note by failing to repay the loan upon the end of his employment with Plaintiff.  Section III.4 of the Note states that "[i]f Borrower's appointment as a Financial Services Representative within MetLife's Premier Client Group channel ends for any reason, the entire outstanding indebtedness shall become immediately due and payable."  Plaintiff's alleged damages include the remaining amount of the loan and interest accrued pursuant to the terms of the Note.  By default, Defendant has admitted the truth of these allegations, and accordingly, the Court finds that Plaintiff has established its claim against Defendant for breach of contract.

"If the admitted facts in the Complaint establish liability, then the Court must determine appropriate damages."  *Ordonez*, 2011 WL 3843890, at *5.  "Where all the essential evidence is on record, an evidentiary hearing on damages is not required."  *Id.* (citing *SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) ("Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone . . . We have held that no such hearing is required where all essential evidence is already of record." (citations omitted)).  Plaintiff seeks damages under the terms of the Note, which is attached to the Complaint.  Plaintiff seeks $163,482.68, and in support of the claim, submits an affidavit from Kim Wargacki, the Director of Sales Compensation/Operations for an affiliate of Plaintiff responsible for overseeing field sales compensation on behalf of Plaintiff.  Accordingly, under the facts of this case and in light of the evidence contained in the record, the Court finds a hearing on damages unnecessary and the requested amount of damages justified.

Plaintiff also requests attorney's fees in the amount of $3,580.50 and costs in the amount of $485.00, pursuant to the terms of the Note, which states that, "[i]f this Promissory Note is not paid when due, Borrower agrees to pay all costs and expenses of collection, including reasonable attorneys fees."  *See* Note § III.6.  Plaintiff provides an affidavit from Plaintiff's outside counsel,

Martin Harris, attached to the Motion in support of the amount of fees and costs incurred in this action by his firm and local counsel in this matter. As the contract provides for attorney's fees in circumstances such as those presented here, the Court must enforce the contractual provision. *See Pretka v. Kolter City Plaza II Inc.*, No. 09-80706-CIV, 2013 WL 7219294, at *1 (S.D. Fla. Sept. 11, 2013) ("The Court does not have discretion to decline to enforce a contractual provision awarding attorney's fees as such provisions are mandatory.") (citation omitted).

### IV.    CONCLUSION

For all of the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion for Default Final Judgment, **ECF No. [10]**, is **GRANTED**;
2. Plaintiff is entitled to damages in the amount of $163,482.68,[2] $3,580.50 in attorneys' fees, and $485.00 in costs, for a total amount of **$167,548.18**;
3. Pursuant to Rule 58(a), Fed. R. Civ. P., a Final Default Judgment in favor of Plaintiff and against Defendant shall follow in a separate order;
4. This action is **DISMISSED**. All pending motions are **DENIED** as moot;
5. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida this 10th day of November, 2016.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

---

[2] In the Motion, Plaintiff specifies that this amount reflects unpaid principal and prejudgment interest accrued from the day after Berger's termination, April 10, 2015, through November 4, 2016.